IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

JODY BRIAN LONG and
UNCHONG NMI LONG, (Chapter 13)

          Debtors.           Case No. 06-13340

MEMORANDUM DECISION

    A final hearing on plan confirmation in this case was held on April 10, 2007. At that hearing, I ruled that expenses included in calculating "projected disposable income" for chapter 13 debtors with above-average income are to be taken from the chapter 7 means test, § 707(b)(2), even if the debtors' budget shows fewer or lower expenses. In so holding, I followed In re Guzman, 345 B.R. 640 (Bankr. E.D. Wis. 2006) (Kelley, J.) and other courts. Nonetheless, the trustee recommended against and objected to confirmation. The trustee conceded that the Longs had properly calculated most of the items on the means test, but contended that the Longs understated their income and overstated their expenses.

    The Longs had a large income tax refund last year and intend to continue to withhold at a similar rate in the future. The trustee points out that the "overwithholding" skews the Longs' disposable income downward for the required calculations. The Longs state that last year's refund was inflated by a child tax credit to which they will not always be entitled. Their withholding was based strictly on the standard number of exemptions. They further represent that their tax preparer has told them that next year

1

they can expect a much smaller refund, in the neighborhood of $1,200. I take these representations to be true as they are undisputed by the trustee.

The Longs own two cars: a 2000 Chevrolet Blazer and a 2003 Dodge Intrepid. In 2004 they borrowed $27,030.36 from Wells Fargo Financial Acceptance, secured by their cars. Approximately $15,000 of the loan paid off a purchase money security interest ("PMSI") on the Dodge, and over $1,500 of it paid off a PMSI on the Chevy. Thus, the Longs have two cars and only one car loan. Their average monthly payment (a term of art under Code § 707(b)(2)(A)(iii)) to Wells Fargo appears to be $285.17. On their means test the Longs deducted ownership costs for both vehicles ($471 for the first car and $332 for the second car),[1] calculated from the IRS's Allowable Living Expenses for Transp., online at http://www.irs.gov/businesses/small/article/0,,id=104623,00.html (last visited Apr. 13, 2007).

The trustee does not cite a specific limitation on the amount a debtor may withhold for income taxes. However, a chapter 13 plan must be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3). Taxpayers have great latitude in determining the rate of tax withholding from their wages and other sources of income. If a debtor hides a significant sum of money by overwithholding taxes, intending to later reclaim it from the IRS, a chapter 13 plan that fails to pay the inflated refund to creditors would probably be proposed in bad faith.

But there is no "bad faith" here. As the Longs' attorney explained, the Longs have been claiming a child tax credit in alternate years pursuant to a divorce order. The

---

[1] Technically, the Longs are claiming less than the full deduction because they are separately deducting the actual amount of their car payment, as a payment on secured debt rather than as a vehicle ownership expense. They have offset that amount against the total permissible ownership expense, so the total amount they are deducting is the same as the full allowed ownership expense. I refer to the Longs as arguing for the "full" ownership expense for simplicity.

2

Longs' W-4 forms show only those standard exemption credits to which they were entitled. They did not specify an additional amount to be withheld. Finally, the Longs report that their tax preparer has told them to expect a much smaller refund next year. If the preparer's projection turns out to be inaccurately low, the trustee may request that the Longs' plan be modified to increase payments pursuant to § 1329(a)(1) of the Bankruptcy Code. But there is nothing about the Longs' conduct in establishing the amount of income withheld for taxes that shows bad faith.

The remaining question is whether the Longs may deduct the full ownership expense for both of their vehicles when calculating their means test expenses, even though their monthly payment to Wells Fargo is for less than the full deduction. If the Longs are entitled to the full ownership allowance for both of their vehicles, their means test calculation yields a negative amount of projected disposable income, and their plan satisfies § 1325(b)(1).

Section 1325(b) of the Bankruptcy Code establishes some of the requirements for confirmation of a chapter 13 plan. It provides in part:

> (1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan--
>
> . . . (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.
>
> (2) For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended—

3

Case 3-06-13340-rdm    Doc 41    Filed 05/11/07    Entered 05/11/07 11:49:56    Desc Main
                        Document      Page 4 of 6

> (A) (i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed. . . .
>
> (3) Amounts reasonably necessary to be expended under paragraph (2) . . . shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income, when multiplied by 12, greater than [the respective median family income in the applicable state].

11 U.S.C. § 1325(b). The Longs have above-median current monthly income (a term of art, see § 101(10A)), so the expenses side of their balance sheet must come from § 707(b)(2)(A), which provides in pertinent part:

> (i) . . . The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. . . . Notwithstanding any other provision of this clause, the monthly expenses of the debtor shall not include any payments for debts. . . .

§ 707(b)(2)(A)(i). Among the National and Local Standards issued by the IRS are Allowable Living Expenses for Transportation. Those transportation expenses have two components: operating costs (or, for a family with no cars, public transportation costs), and ownership costs. Only the ownership costs are before the Court in this case. Chapter 13 debtors must complete these and other calculations on Official Form B22C and submit them at the outset of the case.

"The issue boils down to the meaning of the phrase 'applicable . . . amounts specified under the Local Standards.'" In re Grunert, 353 B.R. 591, 592 (Bankr. E.D. Wis. 2006) (Kelley, J.). At first glance, "applicable" could refer to the amount of the Longs' monthly payments to Wells Fargo. But the statute's parallel structure contrasts

4

"the debtor's applicable monthly expense amounts under the Local Standards" against "the debtor's actual monthly expenses" for other categories of expenses. Thus for items covered by the National and Local Standards, the "applicable" amounts are fixed costs promulgated by the IRS. Holding otherwise would nullify the statute's instructions to consider the debtor's actual spending on other types of expenses.

The Bankruptcy Code diverges from the IRS's own understanding of the National and Local Standards. The IRS Financial Analysis Handbook defines (but does not assign amounts to) all of the standards and expenses that the Bankruptcy Code imports. The Handbook also contains the Internal Revenue Manual ("IRM"), which treats the transportation allowances as a cap. It states: "The taxpayer is allowed the local standard or the amount actually paid, **whichever is less**." IRM 5.19.1.4.3.2(2). But even though Congress incorporated into the Bankruptcy Code the IRS's benchmarks for how much a delinquent taxpayer can afford to pay, it did not incorporate the way IRS field officers are instructed to apply those benchmarks. Moreover, the Bankruptcy Code states: "The debtor's monthly expenses *shall be* the debtor's applicable monthly expense *amounts specified* under the National Standards and Local Standards." § 707(b)(2)(A)(i) (emphasis added). "[A] plain reading of the statute would allow a deduction of the amounts listed in the Local Standards even where the debtor's actual expenses are less." Eugene R. Wedoff, *Mean Testing in the New 707(b)*, 79 Am. Bankr. L.J. 231, 255 (2005). I respectfully disagree with courts in other jurisdictions that have given weight to the IRS's regulations. E.g., In re Hardacre, 338 B.R. 718, 726 (Bankr. N.D. Tex. 2006).

Both of the Longs' cars are encumbered by Wells Fargo's lien. Their monthly payments to Wells Fargo constitute expenses on both vehicles. While much more of the

5

Wells Fargo loan went to pay off the purchase money loan on the Dodge than on the Chevy, there is no evidence that the security interest in the Chevy is a sham. To the contrary, the loan paid off two bona fide secured car loans. There is no question of whether a debtor can deduct the standard ownership expense *plus* the amount of the car payment, because the Longs have reduced their ownership expense deduction by the amount of their car payments.

The plan satisfies § 1325(b)(1)'s requirement that all the debtors' projected disposable income be committed to the plan. All of the trustee's objections to confirmation are overruled. The Longs' proposed chapter 13 plan may be confirmed.

Dated: May 10, 2007

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPCY JUDGE